1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   STEPHEN C. FERLMANN, Chapter           No.  2:15-cv-2229-JAM-EFB
     7 Trustee of the Estate of
12   Sushil Prasad and Susea S.
     Prasad,
13                                           **ORDER DENYING DEFENDANT MEYER
                  Plaintiff,                 WILSON CO., LPA'S MOTION TO
14                                           WITHDRAW REFERENCE OF ADVERSARY
          v.                                 PROCEEDING FROM BANKRUPTCY COURT**
15
     SUSHIL PRASAD; SUSEA S.
16   PRASAD; MEYER WILSON CO.,
     LPA; TRANSAMERICA FINANCIAL
17   ADVICORS, INC. aka WORLD
     GROUP SECURITIES,INC.,
18
                  Defendants.
19

20        Stephen Ferlmann ("Trustee"), bankruptcy trustee for debtors

21   Sushil and Susea Prasad ("Debtors"), brought an adversary

22   proceeding against Debtor's former legal counsel, Meyer Wilson

23   Co. ("Meyer Wilson"), alleging that it hid assets from the

24   bankruptcy estate and committed malpractice.  Meyer Wilson,

25   invoking vague references to securities and arbitration law, now

26   moves this court to withdraw the reference from bankruptcy court.

27   ///

28   ///

                                     1

1    For the reasons stated below, the Court denies the motion.[1]

2

3         I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

4         Debtors filed a voluntary Chapter 13 bankruptcy petition in

5    2009.  See In re Prasad, 09-94269 (E.D. Cal. Bankr.).  A few

6    years later, Debtors retained the law firm Meyer Wilson Company,

7    LPA to represent them in an arbitration against Transamerica

8    Financial Advisors ("Tranamerica"), a company formally known as

9    World Group Securities.  See Second Amended Complaint ("SAC")

10   ¶¶ 7-9, Doc. #44, Ferlmann v. Prasad, 15-9018 (E.D. Cal. Bankr.).

11   In that arbitration, the Debtors alleged that Transamerica had

12   negligently supervised one of its brokers, Vincent Thakur Singh,

13   who had fraudulently taken Debtors' money as part of a Ponzi

14   scheme.  See SAC ¶ 9.  The Debtors were ultimately successful in

15   settling the claims against Transamerica for $105,000, $42,000 of

16   which went to Meyer Wilson as attorneys' fees.  SAC ¶ 11.

17        Meanwhile, bankruptcy proceedings continued.  In 2015, the

18   bankruptcy Trustee filed an adversary complaint against Debtors,

19   Meyer Wilson, and Transamerica, alleging that they hid the

20   settlement proceeds from the bankruptcy court, and that the

21   bankruptcy estate is entitled to those proceeds.  See SAC ¶¶ 13-

22   18.  Trustee also alleged that Meyer Wilson is liable for legal

23   malpractice in "misrepresenting their authority to Transamerica"

24   during the negotiations, wrongfully "arrang[ing] for the

25   disbursement of the settlement proceeds to entities other than

26

27   _____

[1] This motion was determined to be suitable for decision without
oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for December 16, 2015.

1  [Trustee], to wit themselves and the Debtors[,]" and "wrongfully

2  prosecut[ing], settl[ing], and misappropriat[ing]" the proceeds.

3  SAC ¶¶ 52-53.

4     Meyer Wilson thereafter filed a motion to withdraw reference

5  of the adversary proceeding from bankruptcy court (Doc. #1).

6  Debtors and Trustee oppose the motion (Docs. ##4, 5).

7  Transamerica filed a partial opposition (Doc. #3).

8

9                    II.   OPINION

10     A.   <u>Legal Standard</u>

11     Withdrawal of reference from bankruptcy is governed by 28

12  U.S.C. § 157(d).   This section provides two kinds of withdrawal:

13  mandatory and permissive.

14     A court "shall" withdraw a proceeding "if the court

15  determines that resolution of the proceeding requires

16  consideration of both title 11 and other laws of the United

17  States regulating organizations or activities affecting

18  interstate commerce."   28 U.S.C. § 157(d).   The Court construes

19  this mandatory withdrawal provision narrowly.   <u>In re Temecula</u>

20  <u>Valley Bancorp, Inc.</u>, 523 B.R. 210, 214 (C.D. Cal. 2014) (citing

21  <u>In re Vicars Ins. Agency, Inc.</u>, 96 F.3d 949, 952 (7th Cir.

22  1996)).   This narrow construction requires that a proceeding only

23  be withdrawn if it involves "substantial and material questions"

24  of federal law outside their "routine application[s]."   <u>See</u> <u>Sec.</u>

25  <u>Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen &</u>

26  <u>Helpers</u>, 124 F.3d 999, 1008 n.4 (9th Cir. 1997); <u>In re Temecula</u>,

27  523 B.R. at 214 (citation omitted).   The party seeking withdrawal

28  bears the burden of persuasion.   <u>FTC v. First Alliance Mortg.</u>

1  Co., 282 B.R. 894, 902 (C.D. Cal. 2001) (citation omitted).

2      As to permissive withdrawal, a court "may" withdraw a

3  proceeding, "in whole or in part . . . for cause shown."  28

4  U.S.C. § 157(d).  "The standard for permissive withdrawal is high

5  and must be satisfied by the party seeking withdrawal."  Rock

6  Ridge Properties, Inc. v. Greenback Mortg. Fund, LLC, 2012 WL

7  346465, at *2 (E.D. Cal. Jan. 31, 2012).  Permissive withdrawal

8  is in the district court's discretion.  In re KSL Media, Inc.,

9  2016 WL 74385, at *2 (C.D. Cal. Jan. 6, 2016).  In deciding

10 whether to exercise its discretion, the court considers factors

11 including "(1) the efficient use of judicial resources; (2) delay

12 and costs to parties; (3) uniformity of bankruptcy

13 administration; and (4) prevention of forum shopping as well as

14 whether the issues are 'core' or 'non-core' within the meaning of

15 [28 U.S.C.] § 157(b)(2), and whether any party has a right to a

16 jury trial."  Id. (citations and internal quotation marks

17 omitted).

18      B.  Analysis

19      The moving party, Meyer Wilson, contends that withdrawal is

20 mandatory, and in the alternative, that this Court should

21 exercise its discretion to withdraw the adversary proceeding.

22 Mot. at 4-6.  Transamerica filed a "limited opposition"

23 indicating that it "does not oppose withdrawal of the

24 reference[,]" but in the case that the Court does withdraw the

25 reference it should do so for the entire adversary proceeding

26 (not just the claims concerning Meyer Wilson).  Transamerica's

27 Opp. at 2.  Both Trustee and Debtors have filed oppositions

28 arguing that withdrawal is not mandatory, and that the Court

4

1    should not exercise its discretion to withdraw the reference at

2    this time.  Debtors' Opp. at 2-3; Trustee's Opp. at 2, 6.

3              1.   <u>Mandatory Withdrawal</u>

4         Meyer Wilson argues that withdrawal is mandatory because

5    "[i]f reference of the Adversary Proceeding is not withdrawn by

6    the District Court, the bankruptcy court will be required to make

7    significant interpretation of non-Bankruptcy Code statutes."

8    Mot. at 5:9-11.  The Court disagrees.

9         Meyer Wilson struggles to identify any federal non-

10   bankruptcy issue relevant to this case.  The case involves issues

11   concerning whether the settlement proceeds are part of the

12   bankruptcy estate and whether Meyer Wilson committed malpractice

13   in representing the Debtors and misappropriating the proceeds.

14   Whether the proceeds were part of the bankruptcy estate hinges on

15   when the underlying claims accrued.  Claim accrual, in turn, is

16   governed by state law and bankruptcy law – not other federal

17   laws.  <u>In re Goldstein</u>, 526 B.R. 13, 21 (9th Cir. B.A.P. 2015).

18   Malpractice too is a state – not federal –question.  <u>Ross v.</u>

19   <u>Yaspan</u>, 2013 WL 3448725, at *4 (C.D. Cal. July 9, 2013).

20        Meyer Wilson attempts to avoid these problems by injecting

21   "Federal Securities Law."  <u>See</u> Mot. at 5; Reply at 2.  Meyer

22   Wilson argues,

23        Although the causes of action alleged against
         [Tranamerica] were common law claims for negligence in
24       failing to supervise Singh, common law fraud and
         misrepresentation, breach of fiduciary duty, breach of
25       contract, and respondent superior, the conduct upon
         which these claims were based derived from NASD
26       [National Association of Securities Dealers] Conduct
         Rules and the Securities Exchange Act."
27

28   Reply at 2:25-28.  Meyer Wilson is unable to be much more

                                5

specific as to the applicability of securities law to facts of this case.  Its briefing suggests that federal securities law is required to determine whether Transamerica was negligent in supervising Singh.  Mot. at 3.  But Meyer Wilson does not explain or show that the issue is particularly complicated, or even that it is relevant to any actual dispute about claim accrual here.

The absence of a coherent explanation is telling in itself. Meyer Wilson attempts to bolster its vague theories about federal laws by citing Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79 (2002).  Howsam, according to Meyer Wilson, created a complicated question of when the Debtors' arbitration claims accrued.  See Mot. at 5.  It did not.  In fact, Howsam considered a National Association of Securities Dealers ("NASD")'s rule that "no dispute shall be eligible for submission to arbitration where six (6) years have elapsed from the occurrence or event giving rise to the dispute."  Howsam, 537 U.S. at 81 (internal quotation marks and alterations omitted).  The Court held that the NASD arbitrator (rather than a court) is to apply the six-year rule. Id. at 83.  Meyer Wilson has not shown that the rule in Howsam will arise in this case.  Even if it did, there is no indication that the answer would involve more than "routine application" of the relevant law.  The Court therefore holds that mandatory withdrawal is not warranted.

### 2.  Permissive Withdrawal

The parties appear to agree that Meyer Wilson is entitled to a jury trial before the district court as to the malpractice claim.  Mot. at 6-7; Trustee's Opp. at 6.  Meyer Wilson contends that its entitlement to a jury trial "is highly relevant to

withdrawal of the reference and, by itself, constitutes cause to withdraw the reference." Mot. at 6:19-20.  The Court disagrees. The Ninth Circuit has held that the right to a jury trial does not warrant transfer of all pre-trial proceedings to the district court.  See In re Healthcentral.com, 504 F.3d 775, 787 (9th Cir. 2007).  The procedure by which the bankruptcy court handles pretrial matters and the district court conducts a trial is a well-worn procedure in this district.  It serves judicial economy and takes advantage of the bankruptcy court's special competency in bankruptcy law and its familiarity with the underlying facts of the cases already before it.  See id. at 787-88 ("[R]equiring that an action be immediately transferred to district court simply because of a jury trial right would run counter to our bankruptcy system.  . . .  [T]his system promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them.  . . .  Only by allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready do we ensure that our bankruptcy system is carried out.") (citations and emphasis omitted).  These savings in judicial economy are all the more evident in this case, in which the underlying proceedings have been pending in the bankruptcy court since 2009.  The bankruptcy court therefore has great familiarity with this case, while this Court does not.

The same efficiency interests cut against Meyer Wilson's argument about non-core aspects of this case.  Most of the claims in this case appear to be core bankruptcy matters, because they "could arise only in the context of a bankruptcy case."  See

1    Battle Ground Plaza, LLC v. Ray, 624 F.3d 1124, 1131 (9th Cir.

2    2010) (citation omitted).  Indeed, the thrust of the case is

3    whether the settlement proceeds are assets of the bankruptcy

4    estate.  To the extent there are other non-core matters, this

5    Court follows the procedure set out by 28 U.S.C. § 157, whereby

6    the bankruptcy court first considers the claims using its

7    expertise in bankruptcy law and knowledge facts of the case and

8    then "submit[s] proposed findings of fact and conclusions of law

9    to the district court[.]"  28 U.S.C. § 157(c)(1).  The district

10   court reviews the proposed findings and conclusion de novo,

11   considers any timely objections by the parties, and issues a

12   final order.  Id.  This procedure is not only economical for the

13   same reasons discussed above, but is also immensely helpful to

14   the district court in rendering its decisions in bankruptcy

15   cases.

16        As to the other factors – delay and cost to the parties and

17   prevention of forum shopping – the Court finds that additional

18   delay and costs would not result from the bankruptcy court

19   retaining this matter.  To the contrary, delay would result from

20   the proceedings being immediately transferred to the district

21   court, since the Court would need to catch up on over six years

22   of litigation in this case.  The Court therefore finds it

23   preferable for the bankruptcy court to continue handling pretrial

24   matters.  In the event that this case reaches trial, the issues

25   of fact and law will be significantly narrowed and this Court

26   will be well-equipped to oversee the case at that time.  Finally,

27   the forum shopping factor is neutral here: there is neither

28   evidence of forum shopping nor allegations of such.

1    For these reasons, the Court declines to exercise its

2 discretionary authority to withdraw the reference.

3

4                        III.   ORDER

5    For the reasons set forth above, the Court DENIES the motion

6 to withdraw reference.

7    IT IS SO ORDERED.

8 Dated: February 3, 2016

9                                        _____
                                         JOHN A. MENDEZ,
10                                       UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   9